**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

─────────────────────────────────────

**AKASHA TANIA BARKER,**

                    **Plaintiff,**          **19-cv-2582 (JGK)**

        **- against -**                      **MEMORANDUM OPINION AND**
                                            **ORDER**
**THE CITY OF NEW YORK,**

                    **Defendant.**

─────────────────────────────────────

**JOHN G. KOELTL, District Judge:**

    The pro se plaintiff, Akasha Tania Barker, filed this
action against the defendant, the City of New York, alleging
violations of Title II of the Americans with Disabilities Act,
42 U.S.C. §§ 12131 et seq.; the Fair Housing Act, 42 U.S.C.
§ 3601 et seq.; and the First and Fourteenth Amendments of the
United States Constitution.

    On October 11, 2019, the defendant filed a motion to
dismiss the plaintiff's claims pursuant to Federal Rules of
Civil Procedure 12(b)(1) and 12(b)(6). Dkt. Nos. 33-36. The
plaintiff had until November 1, 2019 to respond, and the
defendant had until November 11, 2019, to reply. Dkt. No. 31. On
December 17, 2019, the Court extended the time for the plaintiff
to respond to the defendant's motion to dismiss to January 17,
2020. Dkt. No. 40. The Court noted that "[f]ailure to respond to
the motion by January 17, 2020, may result in the Court granting
the motion by default; the case would be dismissed and the

plaintiff will have no trial." Id. The plaintiff has not submitted a response to the motion.

Federal Rule of Civil Procedure 41(b) authorizes a district court to "dismiss a complaint for failure to comply with a court order, treating the noncompliance as a failure to prosecute." Simmons v. Abruzzo, 49 F.3d 83, 87 (2d Cir. 1995). A district court contemplating dismissal of a plaintiff's claim for failure to prosecute and/or to comply with a court order pursuant to Rule 41(b) must consider:

> 1) the duration of [the] plaintiff's failures or noncompliance; 2) whether [the] plaintiff had notice that such conduct would result in dismissal; 3) whether prejudice to the defendant is likely to result; 4) [the court's] interest in managing its docket against [the] plaintiff's interest in receiving an opportunity to be heard; and 5) . . . the efficacy of a sanction less draconian than dismissal.

Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp., 222 F.3d 52, 63 (2d Cir. 2000). "No one factor is dispositive" in determining the proper outcome and the Court must weigh all five factors in determining whether dismissal is appropriate under Rule 41(b). United States ex rel. Drake v. Norden Sys., 375 F.3d 248, 254 (2d Cir. 2004); see also Avila v. Comm'r of Soc. Sec., No. 15CV2456, 2016 WL 1562944, at *3 (S.D.N.Y. Apr. 18, 2016).

The factors counsel dismissing the plaintiff's suit for failure to prosecute. First, nearly four months have elapsed

since the filing of the defendant's motion to dismiss. See, e.g., Varney v. Batman, No. 08CV9702, 2012 WL 1080137, at *1 (S.D.N.Y. Mar. 30, 2012) (holding a pro se plaintiff's failure to respond to order to show cause for three months warranted dismissal without prejudice). Second, the plaintiff was warned that failure to respond to the motion to dismiss would be a basis to dismiss the case. The Court's December 16, 2019 Order gave the plaintiff explicit notice that the failure to respond could result in dismissal for failure to prosecute. See, e.g., Waters v. Camacho, 288 F.R.D. 70, 71 (S.D.N.Y. 2013) (dismissing for failure to prosecute where pro se plaintiff repeatedly failed to pay filing fee and had notice that such failure could result in dismissal). Third, any prejudice to the defendant has been minimal. See LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 210 (2d Cir. 2001). Fourth, balancing the plaintiff's due process rights against the Court's need for efficiency, the prejudice to the Court has been minimal. See id. (holding that the fourth factor cuts against dismissal when the "plaintiff's failure to prosecute . . . was silent and unobtrusive rather than vexatious and burdensome: plaintiff simply did not make submissions required by the court.").

"[U]nder the circumstances described above, the lesser sanction of dismissal without prejudice (rather than with prejudice) is appropriate in order to strike the appropriate

balance between the right to due process and the need to clear the docket and avoid prejudice to defendant[s] by retaining open lawsuits with no activity." Amoroso v. Cnty. of Suffolk, No. 08CV0826, 2010 WL 2985864, at *3 (E.D.N.Y. July 21, 2010). The sanction of dismissal without prejudice also complies with the fifth factor. Ultimately, "[d]ismissal without prejudice, rather than dismissal with prejudice, is proper because courts considering dismissal for failure to prosecute pursuant to Rule 41(b) must consider the efficacy of lesser sanctions." Wingate, 2014 WL 3346319, at *1 (citing Reeder v. Hogan, 515 Fed. Appx. 44 (2d Cir. 2013) (summary order)); see also Ortega v. Mutt, No. 14CV09703, 2017 WL 1133429, at *2 (S.D.N.Y. Mar. 24, 2017). In light of the minimal prejudice to the defendant and to the Court, and because of the plaintiff's pro se status, a dismissal without prejudice is warranted.

## CONCLUSION

The plaintiff's case is **dismissed without prejudice** for failure to prosecute. The Clerk is directed to **close the case**.


**SO ORDERED.**

**Dated:    New York, New York**
**         February 5, 2020**              ___/s/ John G. Koeltl___
                                            **John G. Koeltl**
                                   **United States District Judge**